### HOVER v. ATHERTON MACH. CO.

(Circuit Court, D. New Jersey. December 27, 1911.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WARPING MACHINE.

    The Hover patent, No. 922,144, for a warping and beaming machine, claims 1, 8, and 9 are void for lack of invention. Claims 2 and 3 *held* not infringed.

In Equity. Suit by Nicholas A. Hover against the Atherton Machine Company. On final hearing. Decree for defendant.

John W. Steward, for complainant.
William B. Gourley and Albert Comstock, for defendant.

CROSS, District Judge. The complainant, by his bill of complaint, sets forth that his patent No. 922,144, issued May 18, 1909, has been

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

infringed by the defendant, and prays for suitable relief in the premises. The defendant by its answer sets up the invalidity of the patent, and claims furthermore that, if valid, it has not infringed it. The patent belongs to the textile art and is for a "warping and beaming machine." The patentee says:

"My present invention involves certain improvements on a warping machine described and claimed in an application for United States letters patent bearing the serial No. 401,200. In that application a warping mechanism is disclosed which comprises as its essential feature a carriage adapted to be moved by hand transversely with reference to the reel to a new position each time the laying on of one section of warp has been completed and the laying on of a fresh section of warp is to begin, another carriage arranged to slide transversely of the reel in the first-named carriage for the purpose of imparting a transverse to each section of warp as it is laid on the reel, and means for moving the second carriage on the first. One of the novel features of my improved warping mechanism, as presented in the present application, is a means whereby the manual movements of the first carriage may be gaged with precision, so that the spacings between the several sections of warp laid on the reel will be accurate and substantially identical; others involve the adjustability of various parts to meet varying conditions and the rendering of the mechanism generally more reliable in operation, convenient to handle, and substantial in construction. My improved beaming mechanism involves a novel means for effecting the proper traverse of the beam. In devising both the warping and beaming mechanisms, I have had in mind particularly so to construct the same that they may be applied to any warping machine of the type above indicated at present in use with the minimum loss of time and labor."

There are 14 claims in the patents, of which Nos. 1, 2, 3, 8, and 9 only are in issue. Considerable attention has been given in the evidence and in the brief of counsel to the technique of the art of weaving. A consideration of that art, however, seems unnecessary. The claims in issue are as follows:

"1. The combination of a supporting means, a rotary screw, a carriage movable longitudinally of the screw, a nut movable in the carriage into and out of engagement with the screw and also longitudinally thereof, and means for securing the nut when engaged with the screw against movement in the carriage longitudinally of the screw, substantially as described.

"2. The combination of a supporting means, a reel, a carriage movable laterally of the reel, means for effecting lateral movement of the carriage, means for determining the successive starting points of the carriage comprising two members one of which is also movable laterally of the reel and the other of which has limited movement relatively to the first member also laterally of the reel, and means for securing the first member against movement, substantially as described.

"3. The combination of a supporting means, a reel, a carriage movable laterally of the reel, means for effecting lateral movement of the carriage, a gage for the carriage having limited movement relatively to said carriage and laterally of the reel, and means for securing the gage against movement after each lateral movement thereof, substantially as described.

"8. In a warping machine, the combination of a rotary screw, a carriage, means for supporting the carriage for movement parallel with the screw, a nut pivoted on the carriage on an axis parallel with the screw and movable on said axis into and out of engagement with the screw, and means, engaging the pivotal portion of said nut, for securing the nut in engagement with the screw, substantially as described.

"9. In a warping machine, the combination of a rotary screw, a carriage, means for supporting the carriage, for movement parallel with the screw, a nut pivoted on the carriage on an axis parallel with the screw and movable on said axis into and out of engagement with the screw and also

longitudinally of its axis, and means for securing the nut in engagement with the screw and against movement longitudinally of its axis, substantially as described."

They are all combination claims, and it is apparent, from a reading of the patent, that Nos. 1, 8, and 9 provide for a nut with threads to mesh with those of the screw, which rotates the reel carriage, and, to readily accomplish such meshing without shifting the carriage, the patentee provides for a slight sidewise lost motion of the nut so that it may more readily "find" the threads of the screw, whereupon means are provided for holding it in engagement therewith.

Claims 2 and 3 relate to means "whereby the manual movements of the first carriage may be gaged with precision so that the spacings between the several sections of warp laid on the reel, will be accurate and substantially identical. From the extract from the specifications above set forth, it appears that the patent in suit is for improvements upon complainant's prior patent No. 401,200, for a warping machine, which called for two "carriages," a main carriage and an auxilliary carriage. The old form of machine, of which the defendant's is a type, has but one carriage. In view of the specific language of the patent in suit, it is difficult to discover why the patentee has not limited his improvements to the double-carriage machine embodied and described in his earlier patent; at least that seems to be true of the improvement called for by claims 2 and 3 as described and explained in the specification. That improvement is specifically and only adapted to that form of machine, and cannot, without manifest and material alterations and modifications, be adapted to a machine of defendant's type, with its single carriage. At all events, the defendant has not infringed it. Its device in this respect but follows the prior art. Again, claims 2 and 3 both refer to the gage, as having "limited movement." Speaking of this term, the complainant's expert says that it means "not necessarily physical limits, but limits by which the limited movement member is positioned; that is, by which the accuracy of its adjustment is tested." His definition, however, is disputed by the defendant's expert, who says that the term, as shown and explained by the drawings and specifications, to which the claims refer, calls for a "physical and positive stop"; and, again, the claims call for "physical limits as much as they call for a physical carriage." Inasmuch as the gage of the patent as shown, has physical limits or stops, the interpretation given by defendant's expert is accepted as correct. Bearing this in mind, and that the defendant's device has no stops, such as are called for by the patent in suit, and in view of the prior art and the limitations thereby imposed upon the claims in question, the defendant's gage cannot be held to infringe them.

As to the improvement called for by claims 1, 8, and 9, its patentability exists, if at all, in this, that the nut provides for a slight sidewise lost motion, that it may the more readily mesh the threads of the worm, and further in the means by which meshing, once accomplished, is maintained. Providing lost motion and taking it up are problems which expert mechanics are almost daily required to solve. Moreover, it is impossible to discover any invention in complainant's de-

vice. It had theretofore been suggested and shown in the prior art in substantially the form he adopted, and there is also uncontradicted evidence of its prior use upon a number of warping machines. The possibility that the thread of one screw might not accurately and instantly mesh with that of another is not a startling or unexpected situation, and the means of remedying it are obvious. Any skilled mechanic would accomplish it, and that, too, in the only way in which it could be accomplished; for it is undeniable that, where such a condition exists, one of the threads, either that of the nut or screw, must be moved sidewise, a distance not exceeding the width of the thread, and, once the two members are meshed, there certainly is no invention in maintaining such relation. An ordinary thumbscrew, spring, weight, or other simple device would accomplish it. The solution of such everyday problems ought not to be called inventive, and the grant of a monopoly therefor only tends to check and paralyze invention. But, as intimated above, the problem, whether difficult or not, had been suggested and met in the prior art. Furthermore, the defendant's device follows patent No. 964,356, issued July 12, 1909, for a warping machine. The application therefor was filed April 24, 1909. This patent, like that of the complainant, is presumably valid, and the defendant has as much right as the complainant to stand upon such presumption. So far as appears, no interference was declared between them in the Patent Office, notwithstanding the applications were pending at the same time.

It has not been deemed necessary, under the circumstances, to consider herein citations from the prior art. For the reasons above given, the bill of complaint will be dismissed, with costs.